UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MONIQUE VIVIENNE BUSCH,

Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

NO.  CV-11-101-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12 and Defendant's Motion for Summary Judgment, ECF No. 14. The motions were heard without oral argument. Plaintiff is represented by Lora Lee Stover. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Kathryn Miller.

I.    **Jurisdiction**

On June 24, 2007, Plaintiff Monique Buasch filed an application for Social Security Disability Insurance Benefits (SSDIB). Plaintiff alleges that she has been disabled since October 7, 1971, as she was born with cerebral palsy. She also alleges other severe physical and mental conditions, including obstructive sleep apnea, GERD, plantar fasciitis, hypothyroidism, asthma and obesity.

Her application was denied initially and again denied on reconsideration. A timely request for a hearing was made and Plaintiff appeared before Administrative Law Judge (ALJ) R. J. Payne on September 15, 2009, in Spokane,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Washington. Plaintiff was represented by attorney Lora Lee Stover.  Steven Gerber, an internist medical expert, also participated telephonically. The ALJ did not enlist the assistance of a vocational expert.

The ALJ issued a decision on September 28, 2009, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which was denied January 20, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on March 15, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. §§ 404.1520(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

perform other substantial gainful activity.  *Id.*

## III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV.    Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was thirty-eight years old.  She has a high school education and completed two years of college. She is married and has two children. Plaintiff was born with mild to moderate cerebral palsy. She has past

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

relevant work as a cashier, sales associate, office assistant, and telephone customer services representative.

Plaintiff can complete light housekeeping chores, but requires help with the laundry (carrying it up and down stairs). She does not drive and usually does not do the shopping without assistance, unless there is store personnel who can assist her. She uses a cane, or a motorized scooter to get around. She indicated that although she can, she rarely goes out alone. In her application, she indicated that since March 2007, her health has greatly worsened, including debilitating dizziness daily, fatigue, body aches and constant pain. She reported that she experiences short-term memory loss and at times, has poor concentration. In 2008, she reported that her pain and joint stiffness increased and she has increased problems with memory loss.

**V.    The ALJ's findings**

The ALJ determined that Plaintiff's earning requirement had been met only through September 30, 2007; therefore, to prevail she had to show that she became disabled prior to this date. He also noted that Plaintiff had filed an application for disability insurance benefits on April 28, 2006, which was denied, but he was not reopening this application, so the relevant period began on April 29, 2006. (Tr. 39.)

At step one: the ALJ found that Plaintiff had not engaged in any substantial gainful work activity since 2002. (Tr. 17.)

At step two, the ALJ found that through the date last insured (September, 2007), Plaintiff had the following severe impairments: history of allergies and associated chronic sinusitis, complaints of anxiety and sleep disturbance/insomnia with medication improvement, hypothyroidism, mild cerebral palsy, and plantar fasciitis. (Tr. 17.)

At step three, the ALJ found that Plaintiff did not have an impairment or

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

1  combination of impairments that met or medically equaled any of the listed
2  impairments described at 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR
3  404.1520(d), 404.1525, 404.1526). (Tr. 18.)

4      At step four, the ALJ found that through the date last insured, Plaintiff had
5  (and currently has) a residual functional capacity to perform light work as defined
6  in 20 CFR 404.1567(b)), and as explained by Dr. Gerber. (Tr. 18.) This included
7  sitting and standing/walking capacity of one hour at a time for six and two-hours
8  respectively, and a lifting and carrying capacity of 20 pounds occasionally and 10
9  pounds frequently, with limitations for no balancing, and only occasionally
10 postural manipulations and the climbing of ramps/stairs, and limited exposure to
11 airborne pollutants, such as dust, odor, fumes, gases, chemicals, etc., as well as
12 temperature changes and vibrations. (Tr. 20-21.)

13     Notably, the ALJ found Plaintiff's statements concerning the intensity,
14 persistence and limiting effect of her symptoms were not credible. (Tr. 23.) The
15 ALJ also noted two of her impairments (obstructive sleep apnea, asthma and
16 myofascial pain syndrome/fibromylgia) were not diagnosed or confirmed until
17 after the expiration of her insured status. (Tr. 20.)

18     The ALJ found Plaintiff maintained the capacity to return to her past work
19 activities as a call center customer service representative and travel agency office
20 assistance, as they did not require the performance of work-related activities
21 precluded by Plaintiff's residual functional capacity. (Tr. 21.)  Thus, she was not
22 under a disability as defined by the Social Security act, at any time from
23 September 3, 1971, the alleged onset date, through September 30, 2007, the date
24 last insured. (Tr. 22.)

25 **VI.   Issues for Review**

26      Plaintiff presents the following issues with respect to the ALJ's findings:

27      1.  The ALJ erred by failing to find that Plaintiff has mild to moderate

28
**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6**

cerebral palsy with gait disturbance, obesity, sleep apnea and depression in Step Two of the sequential process.

2.   The ALJ erred in portraying the testimony of the medical expert.

3.   The ALJ erred by disregarding the opinions of Plaintiff's providers regarding Plaintiff's conditions.

4.   The ALJ erred in assessing Plaintiff's residual functional capacities.

5.   The ALJ erred in assessing Plaintiff's credibility.

6.   Substantial evidence does not support the ALJ's decision that Plaintiff is not disabled.

ECF No. 13 at 9.

**VII.   Discussion**

**1.   Whether the ALJ erred in Step Two in determining Plaintiff's impairments**

Plaintiff argues the ALJ erred by failing to find that she suffers from obesity which complicates her cerebral palsy with gait disturbance and sleep apnea. Plaintiff argues that medical records support that Plaintiff is obese, that she has been treated for depression for years, and has "mild to moderate cerebral palsy."

As set forth above, the ALJ limited the list of severe impairments to: allergies and associated chronic sinusitis, anxiety and sleep disturbance/insomnia with medication improvement, hypothyroidism, mild cerebral palsy, and plantar fasciitis.

The ALJ noted that a consultative psychological evaluation from September 2007 indicated that Plaintiff reported depression, but primarily expressed/endorsed significant anxiety symptomatology. (Tr. 18.) He also noted that only mild sleep apnea was indicated in October 2007 and again in March 2009. (Tr. 18.) Finally, he noted that although she was recently treated for shortness of breath and chest pain and she had been diagnosed with asthma/COPD/recurrent bronchitis, her

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1  pulmonary Function Tests/Spirometric were normal in May 2007 and April 2009.

2  (Tr. 18.)

3       In determining the residual functional capacity, the ALJ noted that Plaintiff

4  weighed 255 pounds. (Tr. 19.) He made no mention of whether he considered

5  Plaintiff obese, other than to acknowledge that Dr. Gerber testified that the

6  medical evidence established that Plaintiff was obese. (Tr. 20.)

7       According to SSR-02-1P (2002), obesity is a "severe" impairment "when,

8  alone or in combination with another medically determinable physical or mental

9  impairment(s), it significantly limits an individual's physical or mental ability to

10 do basic work activities." 2002 WL 34696281, *4. Such an impairment is "not

11 severe" only if it is a slight abnormality (or combination of slight abnormalities)

12 that has no more than a minimal effect on the individual's ability to do basic work

13 activities. *Id.* In any event, an individualized assessment of the impact of obesity

14 on an individual's functioning is necessary. *Id.* The assessment should include the

15 effect obesity has upon the individual's ability to perform routine movement and

16 necessary physical activity within the work environment.  *Id.* at 6.

17       Here, the medical records support that Plaintiff is obese. However, the ALJ

18 failed to specifically note the effect of Plaintiff's obesity upon her other

19 impairments, her ability to work and her general health, although he did

20 acknowledge that she used a scooter in stores, and took the special paratransit

21 transportation offered by the city for disabled/handicap residents. (Tr. 19.) On the

22 other hand, Dr. Gerber considered Plaintiff's obesity in determining her ability to

23 do work-related activities (Tr. 41), and the ALJ specifically relied on Dr. Gerber's

24 assessment in developing Plaintiff's residual functional capacity. (Tr. 18.) Also,

25 although Plaintiff has sought treatment for depression for years, the record

26 indicates that Plaintiff has been able to successfully managed her depression

27 through medication. Further, the medical evidence indicates that she suffered from

28

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT** ~ 8

mild, rather than severe depression. Finally, Dr. Gerber considered Plaintiff's cerebral palsy to be mild to moderate and took it into account by including weight limitations for carrying and lifting, with no balancing and only occasionally postural manipulations and the climbing of ramps/stairs. (Tr. 20-21.) In doing so, Dr. Gerber noted that while Plaintiff used a cane, it was not prescribed. (Tr. 20.)

Consequently, Plaintiff has not shown she was prejudiced by the ALJ's failure to list obesity or depression as a severe impairment in Step Two, or by his characterization of her cerebral palsy diagnosis as mild.

**2.    Whether the ALJ erred in portraying testimony of medical expert**

She contends the medical evidence shows that her doctors believed she had sleep apnea prior to the expiration of her insured status on a more probable than not basis. In his Order, the ALJ acknowledged that she had sleep difficulties, but noted that only mild sleep apnea was indicated in October, 2007 and March, 2009. (Tr. 18.) Plaintiff argues that the ALJ should have considered Dr. Kimura's notation of November 2001, in which he indicates probable sleep apnea. At the hearing, Dr. Gerber indicated that it was possible that apnea was a condition that existed prior to the expiration of her date last insured. (Tr. 47.)

Here, there is nothing in the record to suggest that Plaintiff's sleep apnea was greater or more significant than what was confirmed in 2007 and 2009, which was determined to be mild. The record indicates the ALJ considered Plaintiff's sleeping difficulties in determining that she was not disabled. Also, Dr. Gerber considered obstructive sleep apnea syndrome in assessing Plaintiff's ability to do work-related activities (Tr. 41), and the ALJ specifically relied on Dr. Gerber's assessment in developing Plaintiff's residual functional capacity.  (Tr. 18.) Plaintiff has not shown the ALJ committed legal error.

**3.    Whether the ALJ erred by disregarding the opinions of her providers regarding Plaintiff's conditions**

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

1    Although not clearly specified, Plaintiff appears to contend that Dr. Gerber

2 and the ALJ failed to consider Plaintiff's complaints of hip pain and gait

3 disturbance as reflected in the records of Dr. Nordeen and Dr. Grim. On February

4 13, 2007, Plaintiff saw Dr. Nordeen for sharp bilateral hip pain for the past seven

5 years. Imaging on both hips revealed no abnormalities. She never followed up

6 regarding her hip pain.

7    The ALJ did not err in failing to address her complaints regarding her hip

8 pain. There is no indication in the record that this qualified as a severe impairment,

9 and not indication in the record that this pain limited Plaintiff's ability to do basic

10 work activities as defined by her residual functional capacity.

11    **4.    Whether the ALJ erred in assessing Plaintiff's residual functional**

12        **capacities**

13    Plaintiff argues the ALJ ignored her physical and mental conditions, which

14 posed limitations affecting her employability, when he found her capable of light

15 level work. Specifically, she argues the ALJ ignored the effects of pain from his

16 physical impairments and her obesity, and failed to take into consideration her

17 ability to attend and concentrate and how stress in the workplace would affect her

18 conditions. As set forth above, the ALJ relied on Dr. Gerber's assessment of

19 Plaintiff's ability  to do work-related activities. Dr. Gerber considered her pain and

20 her obesity in assessing her residual functional capacity. It is true that Dr. Gerber

21 did not consider any mental limitations. However, the ALJ noted that while she

22 testified it was very difficult to maintain the length of time she was able to stay

23 focused, she also reported that she used her lap top computer for up to 2-3 hours

24 on a consistent basis. She testified that she could absolutely not work 40-hours a

25 week on a computer, but reported that she had been looking for work on the

26 computer. The ALJ noted that Plaintiff stated she could get overwhelmed with the

27 stress of getting things done, had difficulty speaking on the phone, and had

28

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 10

1    memory-difficulties, but as set forth below, the ALJ did not find her self-reported

2    limitations with respect to concentration and stress to be credible.

3        Moreover, Joyce Everhart, Ph.D. noted that Plaintiff was mildly depressed

4    and mildly anxious, but that her attention, concentration and intellectual ability

5    were within normal limits. (Tr. 543.) She had the ability to listen, understand, and

6    remember and follow simple directions, as well as remember one or two-step tasks

7    of a repetitive nature and complete three-step tasks. (Tr. 543.) Dr. Everhart

8    concluded that Plaintiff did not need help to complete her activities of daily living,

9    in that she was able to do cooking, cleaning, laundry, and take care of her personal

10    hygiene, as well as take care of her two young children. (Tr. 542-43.) Notably, Dr.

11    Everhart reported there was some indication of malingering of mental illness, due

12    to her score on the M-FAST (Miller Forensic Assessment of Symptoms Test). (Tr.

13    541.) Specifically, she noted that while Plaintiff stated that whenever she is sitting

14    in a chair she has to breathe deep breaths in order not to get sick, she was sitting in

15    a chair for the entire consultative examination and was not observed moving about

16    or taking deep breaths. (Tr. 542.)

17        Finally, the ALJ properly considered Plaintiff's ability to do a variety of

18    chores around the house in determining that she could perform light work.

19    Plaintiff has not shown the ALJ committed legal error in determining her residual

20    functional capacity.

21        **5.    Whether the ALJ erred in assessing Plaintiff's credibility**

22        Plaintiff argues that the ALJ's determination that Plaintiff was not credible

23    was not based on any convincing evidence.

24        An ALJ's assessment of a claimant's credibility is entitled to "great weight."

25    *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no

26    evidence of malingering, then the ALJ must give "'specific, clear and convincing

27    reasons'" for rejecting a claimant's subjective symptom testimony. *Molina v.*

28    **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
     JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
     JUDGMENT ~ 11**

*Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted); *accord Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Plaintiff argues the record demonstrates objective evidence of disability,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

including her abnormal gait, abnormal sleep study, abnormal ENG study, abnormal sinus x-ray, positive lab test for prior Epstine-Barre virus, positive testing for temporomandibular joint dysfunction, and abnormal brain MRI. According to Plaintiff, this evidence supports her assertions that she cannot sustain work. She also asserts the medical evidence shows that she qualified for special mobility transportation, including a motorized scooter. While she acknowledges that this prescription was after the expiration of Plaintiff's insured status, she argues it is still significant evidence that supports her complaints of pain and limitation of function.

Here, the ALJ based his findings that Plaintiff's testimony regarding her limitations were not credible on specific, clear and convincing reasons. The ALJ noted that other than a miscarriage, there was minimal evidence of treatment in 2004 and 2005, and in 2006, she sought treatment for dizziness, asthma attacks, hip pain, ear complaints, urinary complaints and a pregnancy. He noted the inconsistencies regarding her testimony regarding her concentration and her computer use. Moreover, the ALJ concluded that despite Plaintiff's insistence that she could not work, she engaged in daily living activities that suggested otherwise. The ALJ's credibility findings are supported by substantial evidence.

**6.    Conclusion**

Plaintiff has not met her burden of showing the ALJ committed legal error, or that the ALJ's conclusion that Plaintiff was not disabled was not supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2.    Defendant's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

3.    The decision of the ALJ denying disability benefits is affirmed.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

1       4.   The District Court Executive is directed to enter judgment in favor of

2   Defendant and against Plaintiff.

3       **IT IS SO ORDERED.** The District Court Executive is hereby directed to

4   file this Order and provide copies to counsel and **close the file**.

5       **DATED** this 14th  day of February, 2013.

6

7

8                         *s/Robert H. Whaley*
                      ROBERT H. WHALEY

9                    United States District Judge

10

11  Q:\RHW\aCIVIL\2011\Busch\sj.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 14